**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4871**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHAN E. CARPENTER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cr-00057-GMG-RWT-1)

Submitted:  July 8, 2020                                        Decided:  July 14, 2020

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan E. Carpenter appeals his sentence of 234 months in prison after pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (2018). On appeal, he contends that the district court erred in not adequately explaining why it rejected his request for a variance below his Guidelines range based on his challenge to "the use of purity of methamphetamine as a proxy for culpability." We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In evaluating the procedural reasonableness of a sentence, we "determin[e] whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Id.* (internal quotation marks and citations omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id.* at 212-13 (internal quotation marks and citations omitted); *see also United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("The

2

district court 'must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review'") (quoting *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017)).

"The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review." *Blue*, 877 F.3d at 518. Rather, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon [the] circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but "we look at the full context" of the statements. *Nance*, 957 F.3d at 213. "'Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements . . . or for any other clues that might explain a sentence.'" *Provance*, 944 F.3d at 218 (quoting *Blue*, 877 F.3d at 521).

"By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010); *cf. Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020) (defendant's argument for specific lower sentence based on § 3553(a) factors preserved his claim that his sentence was substantively unreasonable). "[I]f the appellant lodged his objection to the adequacy of the district court's sentencing procedure for the first time on appeal," we "can review only pursuant to

3

the rigorous plain-error standard." *Lynn,* 592 F.3d at 578. "If, however, the appellant preserved his appellate objection by articulating it first in the district court, we review for abuse of discretion—reversing if we find error unless we can conclude that it was harmless." *Id.* An error is harmless if the Government demonstrates that it "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

The district court adopted the presentence report and calculated that Carpenter had a total offense level of 46, which included a base offense level 36 for his stipulated drug quantity of at least 1.5 kilograms of "ice," i.e., methamphetamine of at least 80% purity. With his criminal history category IV, his Guidelines range would be life in prison; but due to the statutory maximum, it became 240 months. While Carpenter initially objected to two enhancements, he withdrew the objections at sentencing based on the Government's response to them and its recommendation for a sentence below his Guidelines range, and because even if they were sustained, the range would still be 240 months.

At sentencing, Carpenter asked the district court to depart or vary below the Guidelines range; and he argued that the § 3553(a) factors supported "a sentence below 240 months and perhaps even slightly below the 234 months" recommended by the Government. His variance request was partly based on an argument that the sentencing ratio between actual versus mixture methamphetamine rests on a flawed premise that overstates a defendant's culpability; and he was not a "drug kingpin." The Government

4

contended that he was in fact a "kingpin," since he was the leader or organizer of a large conspiracy distributing pound quantities of methamphetamine in his area; and a lot of people answered to him and acted at his direction. In addition, there were 40-plus firearms involved in the conspiracy, which increased its danger. He also continued to engage in criminal conduct after pleading guilty, by conspiring to smuggle Suboxone into jail.

The district court sentenced Carpenter below his Guidelines range to 234 months. The court explained that Carpenter not only "conspired with others to traffic high-purity methamphetamine for the purpose of financial gain," but he also held "a substantial role with the distribution of meth in the Northern District of West Virginia and assisted in coordinating large shipments from Ohio." He was responsible for flooding the area with pounds of high-purity methamphetamine; and the offense also involved numerous firearms which increased the level of danger. The court explained that his sentence was warranted based on the severity of the offense, given the quantity of methamphetamine that flooded the area in combination with the firearms; and the 234-month sentence not only served to protect society but also to meet the other sentencing objectives under § 3553(a).

On appeal, Carpenter contends the district court erred in not directly addressing his argument that it should impose a variance sentence based on the flawed methamphetamine Guidelines, since they are based on an unsupported premise of a link between drug purity and culpability. In response, the Government argues the court provided an individualized assessment of the facts and arguments presented in imposing his sentence and sufficiently explained its basis. Moreover, the court "did not simply utilize the purity of the crystal methamphetamine as a proxy to evaluate [his] role in the offense" but rather "evaluated

[his] specific role in the drug trafficking organization and his culpability for the distribution of large quantities of high-purity crystal methamphetamine." The Government further contends that even if the court should have said more in considering his policy argument, any such shortcoming is harmless. Carpenter has not replied to these arguments.

Based on our review of the record, we conclude that the district court adequately explained its sentence, and the sentence is procedurally reasonable. Moreover, we agree with the Government that even if the court erred, any such error is harmless in this case. Carpenter requested a variance or departure below his Guidelines sentence of 240 months; and he was sentenced to 234 months. If he were sentenced with a base offense level for mixture methamphetamine, rather than the stipulated "ice," his total offense level would be 42; and his Guidelines range would still be 240 months, reduced from 360 months to life. Thus, even if the court varied to account for the lower offense level, it would make no difference in this case. Moreover, we conclude that Carpenter was not sentenced based on the purity of methamphetamine alone "as a proxy for culpability," but was sentenced based on his own individualized culpability and the facts of his particular case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

6